UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Rafael Pena-Gonell, | ) | Civil Action No.: 8:16-cv-03259-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A. Mansukhani, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Rafael Pena-Gonell, proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] *See* ECF No. 1. Respondent has filed a motion to dismiss, or alternatively, for summary judgment. *See* ECF No. 22. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin.[2] *See* ECF No. 32. The Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and deny Petitioner's § 2241 petition. R & R at pp. 1, 23.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in

---

[1] The Magistrate Judge notes that Petitioner was sentenced to 168 months' imprisonment by the U.S. District Court for the Eastern District of Pennsylvania and that his projected release date was December 25, 2017. *See* R & R at p. 2 & n.1. Significantly, the online records of the Federal Bureau of Prisons ("BOP") indicate Petitioner was released on December 22, 2017. *See* BOP Inmate Locator, https://www.bop.gov/mobile/find_inmate/ (accessed on February 13, 2018) (search for Petitioner's inmate number "61426-066"); *see, e.g.*, *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (citing the BOP Inmate Locator). However, Petitioner was also sentenced to five years of supervised release upon release from imprisonment, *see United States v. Rafael Pena-Gonell*, Crim. No. 2:08-cr-00264-JS, at ECF No. 119 (E.D.Pa.) (Petitioner's criminal judgment), and therefore his § 2241 petition does not appear to be moot.

[2] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Neither party has filed objections to the R & R, and the time for doing so has expired.[3] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Fourth Circuit has held that a district court's order denying relief on a petition pursuant to 28 U.S.C. § 2241 is not appealable unless a circuit justice or judge issues a certificate of appealability. *See, e.g.*, *Garvin v. Wright*, 583 F. App'x 287 (4th Cir. 2014) (citing 28 U.S.C. § 2253(c)(1)(A)). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate (1) the dispositive procedural ruling is debatable and (2) the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Here, the Court concludes that Petitioner has failed to make the requisite showing of

---

[3] Petitioner's objections were due by January 29, 2018. *See* ECF Nos. 32 & 33.

2

"the denial of a constitutional right."

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 32]. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 22] and **DENIES AND DISMISSES** Petitioner's § 2241 petition *with prejudice.* The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
February 13, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge